The decision below is signed as a decision of the court.

Signed: December 22, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
DELORES YELVERTON,                 )    Case No. 06-00270
                                   )    (Chapter 13)
            Debtor.                )

<u>DECISION REGARDING MOTION TO FILE CLAIM AFTER CLAIMS BAR DATE</u>

Rivendell on the Park ("Rivendell"), a condominium unit owners association, has filed a Motion for Filing a Late Proof of Claim, alleging that it was not given notice of the case, and that the debtor owes condominium assessments, $2,262.05 for the prepetition period and $1,792.23 for the postpetition period.

I

The court must deny Rivendell's motion insofar as it relates to the prepetition claim. Rivendell cites 11 U.S.C. §§ 501 and 726 as the provisions pursuant to which the court may authorize the filing of a late proof of claim. Neither provision authorizes the late filing of a proof of claim in a chapter 13 case. Section 501 does not address a creditor's filing a late claim, but recognizes that time limits apply to filing proofs of

claim.[1] Section 726 is inapplicable in a chapter 13 case. 11 U.S.C. § 103(b). Furthermore, Fed. R. Bankr. P. 9006(b)(3) permits enlarging the time set forth in Fed. R. Bankr. P. 3002(c) for a creditor to file a proof of claim in a chapter 13 case only as set forth in Rule 3002(c), but none of the bases for enlarging time set forth in Rule 3002(c) apply here. Fed. R. Bankr. P. 3004 authorizes a trustee or a debtor to file a claim when a creditor failed to file a timely claim, and they have until January 10, 2007, within which to do so under that Rule. Rivendell may wish to request the debtor or trustee to file a claim by that deadline.[2] However, there is no authority to grant Rivendell's motion to permit Rivendell itself to file a late prepetition claim. See In re Mickens, 2005 WL 375661 (Bankr. D.D.C. 2005).

II

Rivendell already has statutory authorization to file a postpetition claim if the claim "is a consumer debt, that arises after the date of the order for relief under [chapter 13], and

---

[1] Section 501(b) provides that if a creditor does not timely file a proof of claim, "an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim," but Rivendell is obviously not such an entity.

[2] Rule 9006(b)(1) permits enlargement of the time for the trustee or the debtor to file such a claim if they fail to act timely under Rule 3004 and if the failure "was the result of excusable neglect."

2

that is for property or services necessary for the debtor's performance under the plan." 11 U.S.C. § 1305(a)(2).[3] No deadline applies to the filing of such a postpetition claim. In re Wood, 316 B.R. 522 (Bankr. N.D. Ill. 2004). Accordingly, the court will deny this part of the motion without prejudice to Rivendell's right, if any, to file a claim under § 1305.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Cynthia A. Niklas, Chapter 13 Trustee; Office of United States Trustee.

---

[3] If Rivendell's1 claim was not a consumer debt or was not necessary for the debtor's performance under the plan, then no authority would exist to permit a filing of a postpetition claim.

3